IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dominique Jamal Williams, | ) | Case No.: 4:25-cv-13122-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Ruth Anne Thorton, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report")
of United States Magistrate Judge Kaymani D. West (DE 29), issued pursuant to 28
U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) of the District of South
Carolina, concerning the initial review of Plaintiff Dominique Jamal Williams's
("Plaintiff") *pro se* Amended Complaint (DE 25).[1]

A.    **Background**

The Court incorporates the factual and procedural background set forth in the
Report and Recommendation (DE 29). A brief summary is provided for context.

Plaintiff, proceeding *pro se*, initiated this civil action on October 24, 2025,
alleging violations of his constitutional rights under 42 U.S.C. § 1983 arising from
the enforcement of child-support obligations and related actions taken by Defendant,

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court. *See Mathews v. Weber*,
423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of
those portions of the Report and Recommendation to which specific objection is made. The
court may accept, reject, or modify, in whole or in part, the recommendation made by the
magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Ruth Anne Thorton, Director of the Texas Office of the Attorney General's Title IV-D Child Support Division. (DE 1.)

Following initial review, the Magistrate Judge issued an order notifying Plaintiff that his Complaint was subject to summary dismissal because it failed to allege sufficient facts to state a claim and directing Plaintiff to file an amended complaint to cure the identified deficiencies. (DE 21.) Plaintiff thereafter filed a First Amended Complaint on February 6, 2026. (DE 25.)

In the Amended Complaint, Plaintiff alleges that certain child-support enforcement actions, including wage garnishment, suspension of his occupational license, and issuance of enforcement orders, were undertaken without lawful authority, notice, or a hearing, in violation of his due process rights and right of access to the courts. (DE 25 at 3–4.) Plaintiff seeks declaratory and injunctive relief, as well as monetary damages, for alleged constitutional injuries arising from those enforcement actions. (*Id.* at 5–6.)

## B.     Report and Recommendation

On February 12, 2026, the Magistrate Judge issued the present Report recommending that the Amended Complaint be dismissed without prejudice and without issuance and service of process. (DE 29.) The Report explains that Plaintiff challenges the enforcement of state child-support and income-withholding orders and alleges that those enforcement actions violated his constitutional rights, including his rights to due process and access to the courts. (*Id.*)

2

The Magistrate Judge concluded that this Court lacks subject-matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine, which provides that federal district courts may not review or set aside final judgments of state courts (DE 29). *See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).* The Report notes that Plaintiff was a party to the underlying state court proceedings that resulted in the challenged child-support orders and that the injuries alleged in this action stem directly from those state court determinations. (*Id.*) The Magistrate Judge further determined that granting the relief Plaintiff seeks would necessarily require this Court to review and invalidate those state court orders, which is prohibited under the *Rooker-Feldman* doctrine. (*Id.*)

Accordingly, the Magistrate Judge recommends that the Amended Complaint be dismissed without prejudice and without issuance and service of process for lack of subject-matter jurisdiction. (DE 29.)

## C.    Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315

(4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.    Absence of Objections**

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a *de novo* review and need only satisfy itself that there is no clear error on the face of the record. Upon review, the Court finds none.

**E.    Conclusion**

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error. The Court, therefore, adopts the Report (DE 29) in its entirety and incorporates it herein by reference.

It is, therefore, ORDERED that this action is DISMISSED WITHOUT PREJUDICE and without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 5, 2026

4

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.